UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

     Plaintiff,

v.

MASTERS OF PRINT, INC.,
and DENTMART CORPORATION

     Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Masters of Print, Inc, and Dentmart Corporation, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris.*

4.      Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

5.      Defendants are authorized to conduct and conducting business within the State of Florida and within the jurisdiction of this court.

### PARTIES

6.      Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

7.      Defendant, Masters of Print, Inc, a Florida for-profit corporation, which upon information and belief owns and operates an expert printing services shop, located within this district at, 2024 West Flagler, Miami FL. 33135, the subject to this action and referred hereto as "Masters of Print" or "Operator".

8.      Defendant, Dentmart Corporation, owns and operates the commercial real property identified as Folio: 01-4103-014-3370, with post address of 2024 West Flagler, Miami FL. 33135, which is built as the Masters of Print Shop, the subject to this action. and referred hereto as "Dentmart Corporation" or "Owner"

## FACTS

9.      Defendant, Masters of Print, is the owner and operator of the print shop, located at 2024 West Flagler, Miami FL. 33135, and open to the general public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2).

10.      Defendant, "Dentmart Corporation" is the owner of the commercial real property, leased to Defendant, "Masters of Print", who in turn has operated (and continues to operate) its Masters of Print Shop within that leased space. As the owner of commercial property, which is built out and utilized as store, an establishment that provides goods/services to the public, "Dentmart Corporation" is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

11.      As the owner/operator of a store, which is open to the public, Defendant, "Masters of Print", is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a store; 42 U.S.C. §12182, §12181(7)(E) & (F) and 28 C.F.R. §36.104(5) & (6).

12.      On September 19, 2024, Plaintiff personally visited the "Masters of Print Shop", to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

13.     Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator Defendant, "Masters of Print", and by the owner of the commercial property, Defendant, "Dentmart Corporation", which house the "Masters of Print Shop".

14.     As the owner and operator of a store. Defendant, "Masters of Print", is aware of the ADA and the need to provide equal access to all areas of its facility. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15.     As the owner of commercial property which built out and utilized as store an establishment that provides goods/services to the general public, Defendant, "Dentmart Corporation" is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

16.     As the owner of commercial property, which is built as public accommodation, Defendant, "Dentmart Corporation", is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

17.     As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18.     Plaintiff continues to desire to patronize and/or test the store operated by "Masters of Print" and located at the commercial property owned by "Dentmart Corporation", but continues to be injured, in that he continues to be discriminated against due to the barriers to access within that store which are in violation of the ADA.

19.     Any and all requisite notice has been provided.

20.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21.     The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.
42 U.S.C. §12101(b)(1)(2) and (4).

23.     Prior to the filing of this lawsuit, Plaintiff personally visited the "Masters of Print Shop" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

24.     Defendant, "Masters of Print", and Defendant, "Dentmart Corporation", have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the store "Masters of Print Shop".

26.     Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

27.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and

$150,000 for any subsequent violation.

28.     Defendant, "Dentmart Corporation", owner of the commercial property, which

houses Defendant, "Masters of Print", is in violation of 42 U.S.C. §12181 *et seq.,* the ADA

and 28 C.F.R. §36.302 *et seq.,* and all Defendants, Defendant, "Masters of Print" (operator)

and Defendant, "Dentmart Corporation" (owner of the commercial property) (jointly and

severally), are discriminating against the Plaintiff as a result of *inter alia*, the following

specific violations:

**<u>Parking Lot & Accessible Route</u>**

i.   The plaintiff had difficulty using the ramp, as ramp does not provide handrails Violation: Ramp is missing the handrails on both sides of the ramp, violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff had difficulty travel to the building from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty exiting the vehicle, as the designated accessible parking space does not have an access aisle. Violation: Accessible parking space does not provide the required access aisle Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff had difficulty using the ramp, as the ramp does not provide the required edge protection. Violation: Ramp does not provide edge protection violating Section 4.8.7 of the ADAAG and Section 405.9 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff had difficulty using the ramp, as the ramp bottom landing has an excessive slope. Violation: Ramp bottom landing has a non-compliant sloped surface, violating Section 4.8.4 of the ADAAG and Section 405.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The plaintiff had difficulty travelling to the building from parking lot. Violation: There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility violating Section 4.3.7, 4.7.2 of the ADAAG and Section 206.2, 403.3, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The plaintiff had difficulty using the ramp, as the ramp is located on an excessive. Violation: Ramp does not provide the required slope as per Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Main Entrance**

ix.   The plaintiff had difficulty using the main door without assistance, as the main door has a change in level. Violation: Doorway has a vertical change of level at door threshold, violating Sections 4.13.8 of the ADAAG and Sections 404.2.4.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Masters of Print, Inc, and (lessee of the commercial property and operator of the store located therein) and Defendant, Dentmart Corporation, (owner of the commercial property) and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

a)   The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b)   The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

**Gonzalez v. Masters of Print**
**Complaint for Injunctive Relive**

d)  The Court award reasonable costs and attorney's fees; and

e)  The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this October 21, 2024.

By: */s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*